**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x

JONATHAN MARRA,                                        :
                                                      :
                    Plaintiff,              :                    19-CV-8901 (LJL) (OTW)
                                                      :
               -against-               :
                                                      :                    **ORDER**
EQUIFAX INC.,                                          :
                                                      :
               Defendant.               :
                                                      :
                                                      :
---------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge:**

      The Plaintiff, Jonathan Marra, brought this action in New York State Supreme Court against Equifax Inc. for "negligence for breaching [his] personal data, breach of the Fair Credit Reporting Act, and harassment from the spam phone calls received since [his] personal data was breached." (ECF 1-1 at 2). On September 25, 2019, Defendant removed the case to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF 1). Plaintiff subsequently moved to remand on the ground that his Complaint does not assert a federal claim. (ECF 8; ECF 9). Defendant opposes the request on the ground that the complaint alleges what appears to be a claim under the Fair Credit Reporting Act ("FCRA"), 15 § U.S.C. § 1681, *et seq*. (ECF 11). It is not clear from the complaint whether Plaintiff alleged a violation of the state "Fair Credit Reporting Act" or the federal "Fair Credit Reporting Act." *Compare* 15 § U.S.C. 1681 *with* N.Y. Gen. Bus. L. Article 25. The matter was then referred to me for a Report & Recommendation. (ECF 13).

      "The defendant bears the burden of demonstrating the propriety of removal." *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994); *accord United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298,

301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."). Here, Defendant points to Plaintiff's allegation that Equifax breached the "Fair Credit Reporting Act." (*See* ECF 11 at 1). The Second Circuit has stated that "[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (quotation and citation omitted). Thus, on its face, the complaint could be construed to allege a violation of the federal FCRA.

Here, however, Plaintiff indicates he may not be bringing federal claims against Defendant, and that he either intended to bring a claim under the New York State "Fair Credit Reporting Act," and not the federal act, or that he may be dropping this claim altogether. (*See* ECF 8; ECF 9). It also appears he may have attempted to amend his complaint in state court,[1] but it had already been removed to this Court:

> [W]hen the case went from the civil court to the federal court I was confused and I originally asked the civil court if they could remand and remove "breach of the Fair Credit Reporting Act", because my claim addresses the defendant's negligence for breaching my personal data, and how I believe that caused harassment from the spam phone calls received since my personal data was breached.

(ECF 9 at 1).

In the interest of judicial economy, and because it does not appear that the parties have made any attempts to meet and confer before filing their respective motions, the parties are

---

[1] If the case were to remain in federal court, there is no question that Plaintiff could amend his complaint. *See* Fed. R. Civ. P. 15. If the amended complaint clearly contained no federal claims, the Court would then be divested of subject matter jurisdiction.

hereby directed to do so by telephone and/or email. Defendant is also directed to file a joint

status letter on behalf of both parties on the CM/ECF docket by **May 13, 2020** addressing the

outcome of the meet and confer. The letter must address what claims Plaintiff intends to bring,

and whether they are under federal or state law. The Court is hopeful that the meet and confer

process may also resolve Defendant's motion for a more definite statement at ECF 6.

       **SO ORDERED.**

                                    *s/ Ona T. Wang*

Dated: April 29, 2019                               **Ona T. Wang**
      New York, New York                United States Magistrate Judge